IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER ADIN GRAHAM,

Petitioner,

v.

WARDEN NUNEZ,[1]

Respondent.

Case No. 3:25-cv-01224-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

Petitioner Christopher Adin Graham ("Graham"), an individual in custody at FCI Sheridan, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2241 ("Section 2241")

[1] In the petition, Graham named as Respondent "Warden Nunez." Counsel for Respondent represents that Warden Nunez is Jose Nunez ("Nunez"), one of an undisclosed number of "acting wardens" at FCI Sheridan as part of his role as associate warden. (Gov't's Resp. Pet. Writ Habeas Corpus ("Resp't Resp.") at 1 n.1, ECF No. 18.) Counsel for Respondent further represents that Andrew Cooper ("Cooper") is FCI Sheridan's interim warden but did not move to dismiss Nunez. (*Id.*) Given these representations, it is unclear if the acting warden or the interim warden is the appropriate respondent in this case. In an abundance of caution, the Court DIRECTS the Clerk of Court to add Andrew Cooper, Interim Warden, FCI Sheridan, as Respondent herein. *See* FED. R. APP. P. 23(a) (permitting a habeas court to substitute a successor custodian in pending habeas case).

challenging the Bureau of Prisons ("BOP") decision to deny Graham earned time credits pursuant to the First Step Act ("FSA"). All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). For the following reasons, the Court denies Graham's Petition for Writ of Habeas Corpus (ECF No. 1).

**BACKGROUND**

On March 11, 2014, a federal jury convicted Graham of one count of Sex Trafficking by Force, Fraud, or Coercion in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), and 1594(a), and two counts of Tampering with a Witness, Victim, or Informant in violation of 18 U.S.C. § 1512(b)(3). (Decl. Neha Khan ("Khan Decl.") ¶ 6, ECF No. 19.) The sentencing court imposed a 360-month term of imprisonment to be served in BOP custody. (*Id.*)

After Graham's conviction, Congress enacted the FSA, which "implemented a number of prison and sentencing reforms." *Bottinelli v. Salazar*, 929 F.3d 1196, 1197-98 (9th Cir. 2019). Among other things, the FSA incentivizes individuals in custody to complete evidence-based recidivism reduction programs in exchange for rewards, including up to twelve months of earned time credits that may be applied to accelerate their release from prison. *See id.*; *see also* 18 U.S.C. § 3624(g); 28 C.F.R. § 523.44(d). However, the FSA specifically precludes individuals convicted of certain offenses from earning FSA time credits. *See* 18 U.S.C. § 3632(d)(4)(D) (instructing that an individual in federal custody "is ineligible to receive time credits under [the FSA] if [he] is serving a sentence for a conviction under any of the following provisions of law" and listing relevant provisions).

On July 14, 2025, Graham filed this Section 2241 habeas petition alleging that the BOP erroneously determined he is ineligible to receive earned time credits under the FSA. (Pet. at 3.) Graham alleges that the BOP based its FSA determination on the wrongful classification of his

sex trafficking conviction as a "crime of violence." (*Id.* at 2.) Graham asserts that the jury in his underlying criminal case did not find that he committed sex trafficking by force, fraud, or coercion beyond a reasonable doubt, and therefore the BOP's denial of FSA time credits based on the violent offense designation violates his right to due process. (*Id.*) Graham thus asks the Court to enter a declaratory judgment that his sex trafficking conviction "does not categorically constitute a violent offense" and order the BOP to reclassify Graham as FSA eligible and apply FSA time credits to Graham's sentence as appropriate. (*Id.* at 3-4.)

**DISCUSSION**

Graham is serving a 360-month term of imprisonment for sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. § 1591(a)(1) and (b)(1). (Khan Decl. ¶ 6.) The FSA expressly provides that an individual in federal custody is categorically ineligible to earn FSA time credits if he is serving a sentence for a conviction of "[a]ny offense under chapter 77, relating to peonage, slavery, and trafficking in persons, except for section 1593 through 1596." 18 U.S.C. § 3632(d)(4)(D)(xxvii). Graham therefore is ineligible to earn FSA time credits. *See Billingsley v. Jacquez*, No. 3:23-cv-01445-SI, 2024 WL 1796078, at *3 (D. Or. Apr. 25, 2024) (finding that the BOP properly disqualified the petitioner from accruing FSA time credits because he was convicted of an offense listed in 18 U.S.C. § 3632(d)(4)(D)).

Petitioner nevertheless insists that he is entitled to FSA time credits because a jury did not find beyond a reasonable doubt that he engaged in sex trafficking by using force, fraud, or coercion,[2] and therefore it cannot be classified as a "crime of violence." (Pet'r's Br. Supp. at 8-9,

[2] As Respondent points out, the jury unanimously convicted Graham of sex trafficking by force, fraud, or coercion, and the jury instructions required the jury to find that force, fraud, or coercion was used to convict on that count. *See United States v. Graham*, 3:12-cv-00178-AN (D. Or.), ECF Nos. 118, 120.

ECF No. 21.) However, the FSA does not require "that the disqualifying conviction be a crime of violence, only that it be identified as one of the disqualifying offenses in 18 U.S.C. § 3632(d)(4)(D)." *Palma v. Birkholz*, No. 2:23-cv-06846-WLH (MAA), 2024 WL 4278284, at *2 (C.D. Cal. May 15, 2024), *report and recommendation adopted*, 2024 WL 4277821 (C.D. Cal. Sept. 24, 2024); *see also Melchor-Guzman v. Jacquez*, No. 3:24-cv-00262-JE, 2024 WL 4426165, at *2 (D. Or. Aug. 5, 2024) (explaining that "[u]nder the FSA, an individual's eligibility to earn FSA time credits is determined by the offenses listed in 18 U.S.C. § 3632(d)(4)(D), not by whether the offense was a crime of violence"), *findings and recommendation adopted*, 2024 WL 4424442 (D. Or. Oct. 4, 2024). Furthermore, any alleged errors in Graham's underlying criminal proceedings are irrelevant to the instant analysis and cannot be addressed in a Section 2241 petition. *See Jones v. Hendrix*, 599 U.S. 465, 469 (2023) (explaining that a collateral attack on a federal sentence "must proceed by a motion in the sentencing court under [Section] 2255"); *see also Sarnowski v. Jacquez*, No. 3:23-cv-01811-JE, 2024 WL 3106871, at *2 (D. Or. May 23, 2024) (explaining that the petitioner's "challenge to his [18 U.S.C. §] 924(c) conviction is an attack upon his criminal judgment" rather than "a challenge to the BOP's execution of his sentence (FSA eligibility determination)" and that a Section 2241 habeas action "is not the appropriate vehicle by which to . . . challenge a federal criminal judgment" (citing *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 1999))), *findings and recommendation adopted*, 2024 WL 3106840 (D. Or. June 21, 2024).

Because Graham is statutorily ineligible to receive FSA time credits, he is not entitled to the habeas relief he seeks. *See Woolard v. Warden*, No. 2:25-cv-02216-CV-PD, 2025 WL 4663920, at *3 (C.D. Cal. Dec. 31, 2025) (concluding the petitioner was not entitled to habeas relief because "at least one of the crimes for which [he] was convicted renders him ineligible to

receive [FSA time credits] under 18 U.S.C. § 3634(d)(4)(D)[]”), *report and recommendation adopted*, 2026 WL 811327 (C.D. Cal. Mar. 23, 2026).

## CONCLUSION

For the reasons stated, the Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 1) and DISMISSES this proceeding with prejudice.

**IT IS SO ORDERED.**

DATED this 14th day of September, 2026.

HON. STACIE F. BECKERMAN
United States Magistrate Judge